Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000638
24-JAN-2019
10:09 AM

NO. CAAP-17-0000638

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LISA E. ALKIRE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-16-03825)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Lisa E. Alkire (Alkire) appeals
from an August 30, 2017 Notice of Entry of Judgment and/or Order
and Plea/Judgment, entered by the District Court of the First
Circuit, Honolulu Division (District Court).[1]  The District Court
convicted Alkire of one count of Operating a Vehicle Under the
Influence of an Intoxicant, in violation of Hawaii Revised
Statutes (HRS) § 291E-61(a)(1) (2017).

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised by the parties, as
well as the relevant statutory and case law, we resolve Alkire's
points of error as follows:

Alkire argues the District Court violated her right to
due process by failing to advise her of her right to remain
silent at trial.  We disagree.  The District Court provided
Alkire with a sufficient pre-trial colloquy by advising her,

---

[1]     The Honorable  James H. Ashford presided over the motions to
suppress, dismiss, and to compel discovery as well as trial.  The Judgment was
entered by the Honorable Melanie G. May.

among other things, she had the right to testify or not testify, the decision was hers, and the court could not consider her decision to not testify in deciding the case. See Tachibana v. State, 79 Hawaiʻi 226, 237 n.9, 900 P.2d 1293, 1304 n.9 (1995); State v. Monteil, 134 Hawaiʻi 361, 373, 341 P.3d 567, 579 (2014).

Alkire argues the District Court violated her right to due process after failing to specifically advise her she could testify specifically at her suppression hearing, and the testimony could not be used to determine her guilt or innocence at trial. Alkire was represented by counsel. None of the authorities cited by Alkire support her argument, and we find no basis in the law for her assertion that such an advisement is required.

Alkire argues her right to a speedy trial under the Sixth Amendment to the United States Constitution or article I, section 14 of the Hawaiʻi Constitution and/or under Hawaiʻi Rules of Penal Procedure (HRPP) Rule 48 was violated because although trial commenced within less than six months from the time of her arrest, as required by HRPP Rule 48, the commencement of trial was not "meaningful" where the trial was continued and ultimately did not conclude until nearly 10 months after she was arrested.

Alkire was arrested on October 15, 2016, and trial commenced on January 10, 2017, within the time allowed under HRPP Rule 48 with the testimony of the officer who stopped Alkire's vehicle. See HRPP Rule 48(b)(1). The trial was continued without objection by Alkire. Alkire cites to no persuasive authority to support her claim that the commencement of trial was not "meaningful" and, thus, essentially did not occur on January 10, 2017, for Rule 48 purposes.

Similarly, Alkire does not cite to any controlling authority to support her argument that the District Court erred by failing to consider the period of time between her arrest and the conclusion of trial when determining whether her constitutional speedy-trial rights were violated, and we find

2

none.[2]  Roughly three months elapsed between the time Alkire was arrested and the beginning of trial, a delay that is not presumptively prejudicial.  See Barker v. Wingo, 407 U.S. 514, 530 (1972) (declining to set a triggering interval), State v. O'Daniel, 62 Haw. 518, 524, 616 P.2d 1383, 1388-89 (1980) (concluding three-month period challenged by O'Daniel was not presumptively prejudicial), State v. Lau, 78 Hawai'i 54, 62-63, 890 P.2d 291, 299-300 (1995) (six-month delay was presumptively prejudicial).  Because the first Barker factor has not been satisfied, we need not apply the remaining factors to determine Alkire's constitutional speedy trial right was preserved.  Barker, 407 U.S. at 530; State v. White, 92 Hawai'i 192, 202, 990 P.2d 90, 100 (1999).

Alkire argues the District Court erred by denying her "No. 3 - Specific Brady Request No. 1 Milke v. Ryan Material," in which she asked the District Court to compel the State to produce impeachment evidence pertaining to any officer involved in the case, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and HRPP Rule 16.  In response to the motion, the State asserted it was unaware of any such evidence and, after an inquiry for "information pertaining to the witnesses' truth or veracity" the Honolulu Police Commission and Honolulu Police Department had reported they had no record related to either officer.  Alkire does not dispute the State's assertions or that the State complied with HRPP Rule 16 but, rather, challenges the efficacy of HRPP Rule 16 and urges this court to promulgate a new discovery rule requiring prosecutors to personally review police officers' personnel files for impeachment evidence.  We decline to impose such a requirement.

Alkire claims the District Court erred in denying her "No. 9 - Amended Motion to Compel Production of Video Recordings," in which she asked the District Court to compel the State to produce video recordings of her at the police station, which she argued would show if she exhibited any indicia of

---

[2]  In any event, Alkire's counsel informed the District Court that he would need time to obtain a transcript of the State's witness for purposes of his cross-examination, and that his experience indicated that might take six weeks.

3

intoxication. Based on the lack of evidence that any video existed at the time of her request and the overwhelming evidence of impairment in support of the conviction, it does not appear the video footage was material. See Kyles v. Whitley, 514 U.S. 419, 434-35 (1995); United State v. Bagley, 473 U.S. 667, 682 (1985) (one aspect of materiality requires showing evidence could reasonably have undermined confidence in the verdict).

Therefore, IT IS HEREBY ORDERED that the August 30, 2017 Notice of Entry of Judgment and/or Order and Plea/Judgment, entered by the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, January 24, 2019.

On the briefs:

Richard L. Holcomb
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4